STATE OF MICHIGAN
DISTRICT COURT

CASE NO.

SEARCH
WARRANT


DEFENDANT'S
EXHIBIT
A

Investigator Jeff Salmon, has sworn to the attached affidavit regarding the following:

1. **THE PERSON, PLACE OR THING TO BE SEARCHED IS DESCRIBED AS AND IS LOCATED AT:**

A. The premises commonly referred to as 2130 Sanibel Island Apt. B3, City of Portage, County of Kalamazoo, State of Michigan. The main structure is multi-family apartment building, with gray stone and white siding on the front of the complex that faces Shaver Rd. The numerals "2130" are affixed above the gray main common entry door that faces Shaver Rd. Also, to be searched are any grounds, rooms, closets, storage spaces, appurtenant structures, cellular phones, persons and/or vehicles located on the premises in the control of the residents of 2130 Sanibel Island Apt. B3 Portage, MI.

B. Gold 2000 Chevrolet Tahoe bearing a Michigan registration CLW5854, with a vin 1GNEK13T8YJ169868. The vehicle is registered to Robert Arlynn Cox with a date of birth **Redacted** and an address of **Redacted** Parchment, MI 49004.

C. Silver 2004 Cadillac Escalade bearing a Michigan registration EQM3124. The vin is 1GYEK63N34R218780. The vehicle is registered to Willie Raymond Everson Jr with an address of **Redacted** Kalamazoo, MI 49006.

D. Romaro Cleeton Johnson with a date of birth 6/28/89, license #J525-744-119-506.

2. **THE PROPERTY TO BE SEARCHED FOR AND SEIZED, IF FOUND, IS SPECIFICALLY DESCRIBED AS:**

1. Any forms of methamphetamine, or other controlled substances.
2. Any tools, equipment, records, notes, tabulations and U.S. currency believed to be the evidence and proceeds in manufacturing and/or trafficking of controlled substances.
3. Any paper, bills, receipts showing residency or control of the above premises.
4. Any and all firearms located in the aforementioned premises.
5. Any cell phones, computers, tablets and/or other electronic storage devices.

## IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:

I have found that probable cause exists and you are commanded to make the search and seize the described property. You are further commanded to promptly return this warrant and tabulation to the Court.

Public Safety Officer Jeff Salmon, affiant states that:

ISSUED: 6/21/23 2:53pm

JUDGE/MAGISTRATE

00000500

**STATE OF MICHIGAN**
**8TH DISTRICT COURT**

**CASE NO.**

## AFFIDAVIT FOR SEARCH WARRANT

1. **THE PERSON, PLACE OR THING TO BE SEARCHED IS DESCRIBED AS AND IS LOCATED AT:**

A. The premises commonly referred to as 2130 Sanibel Island Apt. B3, City of Portage, County of Kalamazoo, State of Michigan. The main structure is multi-family apartment building, with gray stone and white siding on the front of the complex that faces Shaver Rd. The numerals "2130" are affixed above the gray main common entry door that faces Shaver Rd. Also, to be searched are any grounds, rooms, closets, storage spaces, appurtenant structures, cellular phones, persons and/or vehicles located on the premises in the control of the residents of 2130 Sanibel Island Apt. B3 Portage, MI.

B. Gold 2000 Chevrolet Tahoe bearing a Michigan registration CLW5854, with a vin 1GNEK13T8YJ169868. The vehicle is registered to Robert Arlynn Cox COX with a date of birth [Redacted] and an address of [Redacted] Parchment, MI 49004.

C. Silver 2004 Cadillac Escalade bearing a Michigan registration EQM3124. The vin is 1GYEK63N34R218780. The Vehicle is registered to Willie Raymond Everson Jr with an address of [Redacted] Kalamazoo, MI 49006.

D. Romaro Cleeton Johnson with a date of birth 6/28/89, license #J525-744-119-506.

2. **THE PROPERTY TO BE SEARCHED FOR AND SEIZED, IF FOUND, IS SPECIFICALLY DESCRIBED AS:**

1. Any forms of methamphetamine, or other controlled substances.
2. Any tools, equipment, records, notes, tabulations and U.S. currency believed to be the evidence and proceeds in manufacturing and/or trafficking of controlled substances.
3. Any paper, bills, receipts showing residency or control of the above premises.
4. Any and all firearms located in the aforementioned premises.
5. Any cell phones, computers, tablets and/or other electronic storage devices.

This affidavit consists of __7__ pages.

_____
Affiant

Subscribed and Sworn before me on: 6/21/23    Kathleen P Hemmingway
Date        Judge/Magistrate Eight District Court

00000501

# STATE OF MICHIGAN
# 8ᵀᴴ DISTRICT COURT

CASE NO.

## AFFIDAVIT FOR SEARCH WARRANT

3. THE FACTS ESTABLISHING PROBABLE CAUSE OR THE GROUNDS FOR SEARCH ARE:

E. Your affiant is currently employed as a Public Safety Officer with the Kalamazoo Department of Public Safety and assigned to the Kalamazoo Valley Enforcement Team. Your affiant's current duties include but are not limited to investigating violations of City Ordinances and State Statutes including controlled substance violations. Your affiant has been a Public Safety Officer for 11 years and during that time your affiant has been involved in investigating over 200 cases involving controlled substances. Your affiant has also written numerous search warrant/affidavits. Your affiant has received training related to the investigation of controlled substance activities from the Kalamazoo Township Police department, The Kalamazoo Department of Public Safety, and the Kalamazoo Valley Enforcement Team. This experience and training have made your affiant knowledgeable in activities surrounding the packaging, sale and trafficking of controlled substances

### *History*

F. Around Janunary of 2023, KVET Inv. Slenk was informed by a CI that he/she could purchase methampehtamine from "Rome." The CI positively identified "Rome" as Romaro Cleeton Johnson with a date of birth 6/28/1989. The CI advised that Johnson drives a gold Chevrolet Tahoe. During this time KVET Investigators knew Johnson to drive a gold Chevrolet Tahoe.

### *First Controlled Purchase*

G. On or about 1/31/2023, KVET Inv. Slenk conducted a controlled purchase utilizing the CI. Inv. Slenk arranged to meet the CI at an undisclosed location. The CI and the CI's vehicle were searched before and after the controlled purchases. Both the CI and the CI's vehicle was found to have no contraband or U.S currency. The CI was provided KVET recorded funds. The CI contacted Johnson at the telephone number 269-443-4280. The CI arranged to meet Johson at an undisclosed location to purcahse a quanitity of methampehtamine. The CI was surveilled to an undisclosed location. The CI was observed making contact with Johnson at the drivers door of Johnson's vehicle. Johnson turned over a quantity of methamphetamine in exchange for U.S currency. The CI was surveilled back to an undisclosed location where the CI turned over a quantity of methamphetamine.

   a. The confidential informant indicated that Johnson was the sole occupant of the tan Chevrolet Tahoe. Upon contacting Johnson, he turned over to a quantity of methamphetamine in exchange for the official KVET funds. The informant indicated the tan Chevrolet Tahoe was the same vehicle that he/she routinely observes Johnson driving and selling methamphetamine from.

This affidavit consists of 7 pages.

_____
Affiant

Subscribed and Sworn before me on: 6/21/23

Date        Judge/Magistrate Eight District Court

00000502

## AFFIDAVIT FOR SEARCH WARRANT

### *ADDITIONAL INFORMATION*

H. On or about 6/2/2023, your affiant spoke with CI#2180 who told your affiant that the subject "Rome" was selling large quantitites of methamphetamine. The CI said that "Rome was utilizing the phone number 269-443-4280. The CI further stated that he/she could purchase methamphetamine from Rome. Your affiant knows "Rome" with that same phone number to be Romaro Cleeton Johnson.

   a. On 6/17/2023, your affiant spoke with CI#2180 who said that Johnson was still utilizing the same phone number and continuing to sell large quantities of methamphetamine. The CI said that Johnson was driving an older model Cadilac Escalade.

I. On or about 6/10/2023, Inv. Ulman spoke with CI #2150 who said that "Rome" was selling large quanities of methamphetamine. The CI said that he/she could purchase methamphetamine from "Rome." The CI said that "Rome" was using the phone number 269-443-4280.

### *SURVEILLANCE*

J. On 6/20/2023, Sgt. Cake was conducting surveillance of Johnson's residence at 2130 Sanibel Island Apartment B3, when he observed Johnson walk out of the common entry door of the apartment complex. Johnson was observed driving a silver Cadillac Escalade bearing a Michigan registration EQM3124.

### *Second Controlled Purchase*

K. Within the last 48 hours your affiant conducted a controlled purchase utilizing CI#2180. Your affiant met the CI at an undisclosed location where the CI and the CI's vehicle was searched. There was no contraband or U.S currency located on the CI or in the CI's vehicle. The CI was provided KVET recorded funds. The CI made contact with "Rome" (Romaro Johnson) at the phone number 269-443-4280. The CI arranged to purchase a quantity of methamphetemine from Johnson. The CI was surveilled to an undisclosed location where the CI was observed making contact with Johnson. Johnson turned over a bag of methamphetamine in exchange for U.S currency. The CI was then surveilled back to an undisclosed location where the CI turned over the bag of methamphetamine to your affiant. During the controlled purchase the CI was under continuous surveillance. The CI and the CI's vehicle was searched following the controlled purchase and again found to be free of any contraband.

This affidavit consists of **7** pages.

Affiant

Subscribed and Sworn before me on: **6/21/23**
               Date     Judge/Magistrate Eight District Court

00000503

## AFFIDAVIT FOR SEARCH WARRANT

a. Prior to the controlled purchase KVET Investigators conducted surveillance of Johnson. He was observed driving a gold Chevrolet Tahoe bearing Michigan registration CLW5854 to his residence where he went inside the main entrance of the apartment complex. A short time later came out and was surveilled to the deal location. Prior to the controlled purchase Johnson told the CI that he had to "run up and grab it."

L. Your affiant knows that Johnson utilizes at least two different vehicles. Johnson was observed driving both a silver Escalade bearing a Michigan registration EQM3124 and a gold Chevrolet Tahoe bearing a Michigan registration CLW5854. CI#2180 told your affiant that Johnson has sold drugs out of both vehicles. During the first controlled purchase Johnson was observed driving the tan Chevrolet Tahoe to the deal location.

### *VEHICLE INFORMATION*

M. On 6/20/2023, your affiant querried the sivler Escalade bearing a Michigan registration EQM3124 through Secretary of States. The vehicle was identified as a 2004 Cadillac, vin 1GYEK63N34R218780. The Vehicle is registered to Willie Raymond Everson Jr with an address of **Redacted** Kalamazoo, MI 49006.

N. On 6/21/2023, your affiant querried the gold Chevrolet Tahoe bearing a Michigan registration CLW5854 through Secretary of States. The vehicle was identified as a 2000 Chevrolet Tahoe, vin 1GNEK13T8YJ169868. The vehicle is registered to ROBERT ARLYNN COX with a date of birth **Redacted** Cox showed an address of **Redacted** Parchment, MI 49004.

### *Lab Analysis*

O. Following the first controlled purchase Inv. Slenk conducted a field test on the suspected methamphetamine. The field test results were positive for methamphetamine.

P. On 6/20/2023, your affiant tested the bag of methamphetamine from the second controlled purchase. The suspected narcotics was positively identified utilizing the TruNarc Analyzer with serial #TN8270 as methamphetamine.

#### *Qualifying statements for the CI's utilized*

This affidavit consists of 7 pages.

_____
Affiant

Subscribed and Sworn before me on: 6/21/23

_____
Date        Judge/Magistrate Eight District Court

## AFFIDAVIT FOR SEARCH WARRANT

Q. CI#2150 has conducted over 2 successful controlled purchases. The CI has provided information on numerous drug dealers within the City of Kalamazoo. The information the CI has provided to Investigators has been found to be credible through surveillance and corroborating information. The CI is working with law enforcement to gain possible leniency on pending case.

R. CI#2180 has conducted over 3 successful controlled purchases and provided information on numerous drug dealers within the county of Kalamazoo. This information and controlled purchases have led to the seizure of a quantity of Methamphetamine. This information has been credible and reliable. This CI is working with law enforcement to gain possible leniency on a pending case.

*Criminal History/Warrant Information/ Driving Status*

S. The suspect in this case is known to KVET Investigators and positively identified as Romaro Cleeton Johnson. Your affiant conducted a criminal history query on Romaro Cleeton Johnson. He has pled to the following charges. Johnson currently possesses a valid driver's license.

1) On 7/02/2007 pled to Home Invasion 2nd Degree out of 9th Circuit Court.
2) On 9/17/2007 pled to Unarmed Robbery out of 9th Circuit Court.
3) On 10/23/2012 pled to Delivery/Manufacture Marijuana/synthetic Equivalents out of 9th Circuit Court.
4) 5/13/2016 pled to Controlled Substance- Del/MFG cocaine, heroin, or another narcotic less than 50 grams out of 13th Circuit Court.
5) Johnson currently has a valid Criminal Bench Warrant for failure to appear out of Kalamazoo Department of Public safety and the 8th District Court of Kalamazoo.

*Summary*

T. Based on the above information your affiant believes that Romaro Johnson is selling large amounts of methamphetamine. Johnson is utilizing his residence identified as 2130 Sanibel Island apartment B3, and vehicles to store and deliver the narcotics. Your affiant knows from training and experience that people involved in the sales and distribution of narcotics often utilize their residence and vehicles to store and transport the narcotics. Your affiant believes that Johnson will continue to sell narcotics unless law enforcement intervenes.

This affidavit consists of __7__ pages.

_____
Affiant

Subscribed and Sworn before me on: 6/21/23
Date         Judge/Magistrate Eight District Court

00000505

# STATE OF MICHIGAN
# 8TH DISTRICT COURT

CASE NO.

## AFFIDAVIT FOR SEARCH WARRANT

U. That based on your affiant's experience and participation in other drug investigations, your affiant knows the following:

a. That drug traffickers maintain, on hand or nearby (including the possession of other individuals present) large sums of U.S. currency in order to maintain and finance their on-going drug business.

b. That drug traffickers maintain books, notes, ledgers, records, receipts and other papers relating to the transportation, ordering, sale and distribution of controlled substances, and that these items are maintained where the traffickers have ready access to them.

c. That it is common for drug dealers to secrete contraband and proceeds of drug transactions and records of transactions in secure locations in their residences and/or they often utilize a second and separate location to conceal these items from law enforcement authorities.

d. That these items concealed by persons engaged in drug trafficking are caches of drugs, large amounts of currency, financial instruments, precious metals, jewelry and other items of value and/or proceeds of drug transactions; evidence of financial transactions relating to obtaining, transferring, secreting or spending large sums of money made from engaging in drug trafficking activities.

e. That when drug traffickers amass proceeds from the sales of drugs, the drug traffickers attempt to legitimize these profits. To accomplish these goals, drug traffickers utilize, including but not limited to, banks and their attendant services, securities, cashier's checks, money drafts and real estate. These same traffickers will also put assets in the names of others, again to conceal from law enforcement authorities.

f. That drug traffickers take, or cause to be taken, photographs of themselves, their associates, their property and their drugs.

g. That drug traffickers will use cell phones, tablets, and other electronic computer devices to maintain addresses and/or telephone numbers of associated in the drug trafficking organization.

h. That drug traffickers commonly maintain addresses or telephone numbers in books or papers, which reflect names, addresses and/or telephone numbers of their associates in the drug trafficking organization.

This affidavit consists of __7__ pages.

_____
Affiant

Subscribed and Sworn before me on: __6/2 /23__  _____
Date     Judge/Magistrate Eight District Court

00000506

# STATE OF MICHIGAN
# 8ᵀᴴ DISTRICT COURT

CASE NO.

## AFFIDAVIT FOR SEARCH WARRANT

i. That drug traffickers commonly have in their possession, either on their person or at their residence, firearms. These firearms are used to protect and secure a drug trafficker's proceeds of drug trafficking, the drugs and themselves.

j. That drug traffickers maintain packaging materials, equipment and scales utilized in the packaging of their drugs at their residence.

k. That drug traffickers often store narcotics and other drug paraphernalia in garages, vehicles, and storage buildings and/or appurtenant structures located on the property of the residence.

l. That drug traffickers also secrete controlled substances on their persons. This includes keeping the controlled substances within the pockets of their clothing, stored within their shoes, hats, or similar accessories, or hidden directly on their person in their groin/buttocks area.

V. That your affiant states that based on the above listed information and other facts given that there is probable cause to believe that illegal controlled substances can be found at aforementioned location, and that the occupant there is partaking in ongoing violations of the controlled substance act. The aforementioned location should be searched and listed items seized if located.

This affidavit consists of ___7___ pages.

_____
Affiant

Subscribed and Sworn before me on: 6/21/23 — Kathleen P Hemmingway
                 Date      Judge/Magistrate Eight District Court

00000507